JULIÁN ET AL., DEMANDANTES Y APELANTES, *v.* McCORMICK ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dinero.

No. 1575.—Resuelto en abril 27, 1917.

MANDATOS—MUERTE DEL MANDANTE—EXTINCIÓN DEL PODER.—En este caso, A, siendo apoderado de B, tres meses después de haber muerto éste, obtuvo y

cobró de C, como tal apoderado de B, determinada cantidad que se debía a su poderdante. Tres años después, pero antes de prescribir la acción, los herederos de B demandaron a C para el pago de la deuda. C alegó haber pagado de buena fe y que al tiempo del pago ignoraba la muerte de B. *Se resolvió:* Que A no estaba autorizado a hacer el cobro, pues el poder había quedado extinguido al morir B, y que no importaba que el deudor ignorara la muerte del poderdante.

ID.—MUERTE DEL MANDANTE O DEL MANDATARIO—EXCEPCIÓN DE IGNORANCIA.—El contrato de mandato es personalísimo y se extingue por la muerte de cualesquiera de los contratantes según el artículo 1634 del Código Civil, siendo la única excepción de ignorancia de esta regla, la que expresa el artículo 1640 del mismo código, establecida para beneficiar al mandatario y a los terceros que hubieren contratado con él de buena fe.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Manuel A. Martínez Dávila.*

Abogado del apelado: *Sr. Rafael Cintrón Lastra.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Lucas Julián era apoderado de su madre Gregoria Rodríguez en vida de ésta. Ocurrida su muerte el referido Julián entró en negociaciones con Juan Carlos McCormick para el pago de la suma de $2,000 que el referido McCormick debía a Gregoria Rodríguez y a sus hijos. McCormick pagó la cantidad al mencionado Julián quien otorgó a McCormick carta de pago por dicha suma. La prueba demuestra que este pago se hizo unos tres meses después de morir Gregoria Rodríguez y tiende también a acreditar que McCormick nada sabía acerca de su muerte. Después de tres años, pero antes de que la acción hubiera prescrito, Cornelio Julián por sí y como defensor de sus hermanos menores, herederos todos de Gregoria Rodríguez, estableció una acción para cobrar la suma de $1,633.33, con sus intereses, excluyendo la participación de Lucas Julián. Este último fué incluído en la demanda como parte demandada y la prueba tendió a establecer que él había malgastado la cantidad en "rutas y bachatas."

Nos vemos obligados a convenir con el apelante, al decir que en este caso el poder había quedado extinguido por la muerte de la poderdante. No importaba que el deudor ig-

norara la muerte de la poderdante.  El artículo 1634 del Có
digo Civil prescribe lo siguiente:

"El mandato se acaba:
"1. Por su revocación.
"2. Por la renuncia del mandatario.
"3. Por muerte, interdicción, quiebra o insolvencia del mandante
o del mandatario."

Y dice el comentarista Manresa en el tomo 11, página 575
(segunda edición) de sus Comentarios al Código Civil, que:

"El Tribunal Supremo ha declarado reiteradamente antes y
después de la publicación del código, que el contrato de mandato es
personalísimo y que se extingue desde el momento en que deja de
existir cualquiera de los contratantes.  (Sentencia de 9 de noviem-
bre de 1875.)"

La única excepción de ignorancia es la que se expresa
en el artículo 1640, el cual prescribe lo siguiente:

"Lo hecho por el mandatario ignorando la muerte del mandante
u otra cualquiera de las causas que hacen cesar el mandato, es válido
y surtirá todos sus efectos respecto a los terceros que hayan con-
tratado con él de buena fe."

Y en relación con este punto dice también Manresa en el
tomo 11, página 576 (segunda edición), lo que sigue:

"La norma establecida por el artículo 1738, constituye a no dudar,
una excepción a los principios generales a tenor de los que el error
invalida de derecho el consentimiento, mas hállase justificada, como
tantas otras, por los principios de equidad para evitar que el *summum
jus* sea la *summum injuria*.  Es esta validez una verdadera ficción
jurídica establecida por la ley para beneficiar al mandatario y a los
terceros de buena fe, validez que acaba con el conocimiento por el
mandatario a los terceros del fin del mandato.  En el caso de que
la mala fe radicara en el mandatario y no en los terceros, aquél sería
responsable del dolo y podrían éstos ejercitar contra él las correspon-
dientes acciones."

Es duro que el apelado tenga que verse en el caso de te-
ner que ejercitar su acción contra Lucas Julián por quien

fué engañado, pero también sería muy triste que el mandante, o sus herederos, tuvieran que sufrir las consecuencias de un acto realizado por un mandatario irresponsable, cuando el poder conferido a éste había quedado extinguido, bien por la muerte, o por otra de las causas por las cuales termina. La ley concede a la parte perjudicada el derecho a establecer una acción contra la persona que le ocasionó el perjuicio. Aunque el derecho de acción podría ser ilusorio en el presente caso, los principios de ley no pueden ser alterados para favorecer casos especiales. El hecho de que Cornelio Julián dejara transcurrir tres años para establecer esta acción puede haber sido y probablemente fué un acto desprovisto de moralidad, o tal vez si lo hizo así para impedir una acción criminal contra su hermano Lucas, pero su determinación en demorar la acción estaba dentro de sus atribuciones legales, y en este caso no se ha alegado prescripción alguna. Y no importa que los verdaderos dueños de una parte de la deuda de $2,000 fueran los hijos, demandantes en esta acción. La madre otorgó el poder en su nombre y en el de sus hijos. Ella era la persona responsable y autorizada para otorgarlo, pero con su muerte quedó extinguido su derecho a representarlos y el poder que de ella procedía quedó extinguido o revocado.

Sentimos la situación en que se encuentra el apelado, pero en este caso se presume que los herederos son inocentes y están protegidos por la ley. La sentencia apelada debe ser revocada y dictarse en su lugar otra a favor de los apelantes, pero sin costas u honorarios de abogados.

> *Revocada la sentencia apelada y dictada otra declarando con lugar la demanda sin especial condenación de costas y honorarios de abogado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.